[Civ. No. 8815. First Appellate District, Division Two.—March 13, 1933.]

ANDREW GREEN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WESTERN PIPE AND STEEL COMPANY OF CALIFORNIA (a Corporation), Respondents.

George C. Faulkner, William T. Doyle and Henry G. Sanford for Petitioner.

A. I. Townsend for Respondents.

SPENCE, Acting P. J.—Petitioner seeks annulment of the award of the respondent Commission granting him the ordinary compensation prescribed by the Workmen's Compensation, Insurance and Safety Act but denying him additional compensation upon his claim of serious and wilful misconduct.

Petitioner had been employed for many years as a boilermaker by respondent Western Pipe and Steel Company, a corporation. In 1929, the company was engaged in constructing a number of steel tanks for the storage of oil on a lease of the General Petroleum Company near Bakersfield. On December 5, 1929, petitioner was injured on that job when a hoisting derrick collapsed while being used to complete the construction of one of said steel tanks. H. B. Ritchie was the "foreman" on said job while one Cordova was the "assistant foreman" directing the work on the particular tank when petitioner was injured. Petitioner was given medical treatment and was paid approximately $4,000 in compensation. A dispute apparently arose over an alleged loss of hearing resulting from the injuries and petitioner filed his application with the respondent Commission on February 1, 1932. No claim of serious and wilful misconduct had been made up to that time and none was made in said application. It was not until after a hearing on said application that petitioner on March 1, 1932, filed his claim with the respondent Commission for additional compensation because of alleged serious and wilful misconduct. On July 28, 1932, the Commission made its findings and award and subsequently amended the same in the order granting a rehearing, which order was made solely for the purpose of making such amendment. The findings and award as amended showed petitioner to be entitled to total compensation in the sum of $6,450, but the respondent Commission found that "the injury was not caused by serious and wilful misconduct on the part of any executive, managing officer, or general superintendent of the defendant corporation". It further found and concluded that petitioner's application for additional compensation on that ground was barred by the limitation found in section 11 (i)

of the act. We need not discuss the effect of said section 11 (i), which was enacted after the date of petitioner's injury, for we believe that the above-mentioned finding was supported by the evidence and is determinative in this proceeding.

■ Petitioner's claim of serious and wilful misconduct related solely to the conduct of the "assistant foreman", Cordova. Under the terms of section 6 (b) of the act a corporate employer is liable for additional compensation only when there is serious and wilful misconduct "on the part of an executive or managing officer or general superintendent thereof". Petitioner therefore states the question involved as follows: "Was 'assistant foreman' Cordova the 'managing officer' of respondent employer sufficient to meet the requirements of sec. 6 (b) of the act?" The respondent Commission contends that Cordova was not "an executive or managing officer or general superintendent" of the respondent employer and in our opinion this contention must be sustained.

The references by the parties to the evidence in the record bearing upon the status of Cordova are quite meager. Cordova designated his business as "boiler worker" and he was referred to in some of the testimony as the "assistant foreman". He was working with and directing two other men, including the petitioner, in erecting and operating the hoisting derrick. It appears that Ritchie, the foreman, was at one of the other tanks on the lease when the accident occurred and was not directly supervising the work of Cordova and the other two men at the time. In refuting a statement of the respondent Commission to the effect that even Ritchie "the foreman also had a superior officer", we find several statements in petitioner's briefs as follows: "H. B. Ritchie was the 'foreman' in charge of the construction of these steel tanks"; "there was no 'general superintendent' by title, there was no 'manager', there was no other person having any title whatsoever superior to Ritchie in the construction of *all* of these tanks"; "So far as the record shows, Ritchie was the supreme authority on that job"; "Ritchie was in charge of the job of constructing a number of tanks on an oil lease near Bakersfield"; "In actual fact, there was no one present who had any authority or control whatsoever except Cordova, the assistant foreman,

the next man under Ritchie in charge of that construction job''; Ritchie was the 'Foreman', so far as the record shows that there was nobody superior to him on that oil lease representing the Western Pipe and Steel in the construction of these steel tanks.'' With reference to the status of Cordova, the respondent Commission stated, ''The evidence shows that Cordova was supervising the construction of this 'A' frame and had under him for that purpose two men, including the applicant. Cordova was not the foreman on the job, however, neither was he the superintendent nor the general manager. At the place of operation Cordova was only in charge of his small portion of detail and there was *in active charge* an authority over him, the foreman, H. B. Ritchie.'' In further discussing Cordova's status, the respondent Commission states that Cordova did not have the right ''to hire or fire'' any employees. Petitioner challenges this statement but only on the ground that the record ''*does not show* that Cordova could or could not hire or fire men working under him''. Assuming that a showing of the existence of such right would have been helpful to petitioner in establishing the status of Cordova, the burden of proof in making that showing was upon the petitioner, but no such showing was made.

Petitioner has called our attention to several authorities where awards have been affirmed after the Commission had determined that the persons guilty of the serious and wilful misconduct were persons within the purview of said section 6 (b). (*E. Clemens Horst* v. *Industrial Acc. Com.*, 184 Cal. 180 [193 Pac. 105, 16 A. L. R. 611]; *Gordon* v. *Industrial Acc. Com.*, 199 Cal. 420 [249 Pac. 849, 58 A. L. R. 1374]; *Blue Diamond Co.* v. *Industrial Acc. Com.*, 188 Cal. 403 [205 Pac. 678]; *Church of Jesus Christ of Latter Day Saints* v. *Industrial Acc. Com.*, 86 Cal. App. 182 [260 Pac. 578]; *First Nat. Pictures, Inc.*, v. *Industrial Acc. Com.*, 87 Cal. App. 537 [262 Pac. 38].) None of said authorities is directly in point. The history of this legislation is reviewed in *E. Clemens Horst* v. *Industrial Acc. Com.*, *supra*, and *Gordon* v. *Industrial Acc. Com.*, *supra*, and while the terms of the section have been broadened with each amendment, the legislature has refrained from making the employer liable for the misconduct of every person exercising authority on the employer's behalf. On the contrary, the class of

persons whose misconduct will result in the imposition of such liability still remains limited. As we view the facts in the present case it would do violence to the terms of the act to hold that Cordova was "an executive or managing officer or general superintendent" of the respondent employer.

We agree with petitioner that mere titles are not altogether conclusive in determining the question but they may be helpful. From the record it appears that the highest title given to Cordova by anyone was the title of assistant foreman and we have found no authority where anyone bearing a title below that of "foreman" has been held to fall within the class of persons described in said section. Aside from the title, it does not appear from the fragmentary evidence relating to Cordova's status, that he had any more authority than the ordinary "straw-boss", working under a "foreman". While under the authorities above cited, Ritchie, the foreman, may have had sufficient power and authority on this particular job to bring him within the class of persons described in said section, we are of the opinion that the respondent Commission correctly concluded that Cordova did not.

The award is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 11, 1933.